Dear Administrator Bryant,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Is it a violation of 74 O.S. 4241 (1988) for a full-timeemployee of a state agency to accept compensated part-timeemployment with another state agency if such secondary employmentdoes not interfere with the full-time position?
¶ 1 The focus of your request is whether dual state employment violates state law. Title 74 O.S. 4241 (1988) prohibits certain acts by state employees. For the purposes of this opinion, the pertinent provisions of 74 O.S. 4241 are:
No state employee shall:
* * *
 4. Sell, offer to sell or cause to be sold, either as an individual or through any business enterprise in which he holds a substantial financial interest, goods or services to any state agency or to any business entity licensed by or regulated by the state agency, except as provided in paragraph 3 of section 26 of this act;
* * *
 6. Accept or solicit other employment which would impair his independence of judgment in the performance of his public duties.
¶ 2 The exception to section 4 cited above is found in 74 O.S.4243, which provides:
No state agency shall:
 (1) Enter into any contract with an employee of the agency, or with a business in which an employee holds a substantial financial interest, unless a contract is made after public notice by the agency and compliance with competitive bidding procedures. This paragraph shall not apply to a contract of employment with the state.
¶ 3 Because your request addresses solely the issue of dual state employment, the subject of service contracts will not be discussed in this opinion.[1] Similarly, situations in which a person is legally an independent contractor, as opposed to an employee, are not addressed herein. It has long been the opinion of the Attorney General that it is not a per se violation of state law for a state employee to accept employment with more than one state agency. A.G. Opin. Nos. 74-146, 75-221 and 80-213. Because dual employment is not per se prohibited, the determination of an ethics violation is a factual question which must be made on a case by case basis.
¶ 4 The spirit of these prohibitions can best be understood by a review of the previously cited section 6 which prohibits the acceptance or solicitation of employment which would impair the independence of judgment and performance of the employee's public duties. For instance, dual state employment is not permitted when the working hours of employment are contemporaneous. In A.G. Opin. No. 78-149, the Attorney General was asked to consider whether a full-time employee (an accountant) of a state agency could accept part-time employment as an instructor at a state educational institution. The Attorney General found that it was not a per se violation to accept such employment as long as the work hours were not contemporaneous with those of the full-time position. Full-time employment for the state is deemed to be a regular 40 hour work week. 61 O.S. 3 (1981); 74 O.S. 284
(1981). A second position with the state which overlaps the normal 40 hour work week of a full-time employee would impair the performance of the employee's public duties and would violate state law.
¶ 5 The determination of whether or not the secondary employment would impair the independent judgment of an employee is also a fact question which must be considered on a case by case basis. In A.G. Opin. No. 74-149, the Attorney General noted that dual employment was permissible as long as a conflict of interest did not arise between the duties imposed by each job and the hours were not contemporaneous. In order to avoid possible conflict, the primary state employer should be notified of the secondary employment and the part-time work schedule.
¶ 6 To the degree that A.G. Opin. No. 80-213 is in conflict with this opinion, it is modified to conform with the advice rendered here.
¶ 7 It is, therefore, the official opinion of the AttorneyGeneral that the determination of whether dual state employmentviolates the provisions of 74 O.S. 4241 (1988), is a questionof fact which must be determined on a case by case basis. A fulltime employee of a state agency may accept compensated part-timeemployment with another state agency if such secondary employmentdoes not impair the employee's independence of judgment andperformance of public duties. To the degree that Attorney GeneralOpinion No. 80-213 may be in conflict with this opinion, it ismodified to conform to the advice rendered herein.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
RACHEL LAWRENCE MOR ASSISTANT ATTORNEY GENERAL
[1] This opinion deals solely with the ability to hold dual employment with the State where no other statutory of constitutional prohibitions exlat. Particularly, this opinion does not address dual state employment of judges. Okla. Const. art. VII, § 11, or Legislators, Okla. Const. art. V, § 23; 51O.S.Supp. 1988, § 6[51-6].